## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUCY D. CRUZ-BARRIOS<br><br>*Plaintiff*<br><br>vs.<br><br>COOPERATIVA DE FARMACIA SANTA TERESITA<br><br>*Defendant* | Civil No:<br><br>ACTION FOR:<br><br>**AGE DISCRIMINATION ADEA, PR. STATE LAW 100**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

**TO THIS HONORABLE COURT:**

COMES NOW the Plaintiff, LUCY D. CRUZ-BARRIOS, through the undersigned attorney, and respectfully STATE , PRAY and ALLEGE as follows:

### INTRODUCTION

1.   This is a civil action brought for age discrimination pursuant the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et. seq. ("ADEA") and the Puerto Rico Employment Discrimination Statute; 29 P.R. Laws Ann. §§146; ("Law 100").

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §1331 since this action arises under laws of the United States. Subject matter jurisdiction over claims asserted under the laws of Puerto Rico is based upon supplemental jurisdiction pursuant to 28 U.S.C. §1367.  The state claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution as provided under 28 U.S.C. §1367(a).

3.     Venue lies properly in this Court pursuant to 28 U.S.C.A. § 1391(a)(2) because the acts herein complained of occurred within the Commonwealth of Puerto Rico.

## PARTIES

4.     Lucy D. Cruz-Barrios ("Plaintiff"), is a natural person, citizen of the United States of America, and resident of the Commonwealth of Puerto Rico.  Plaintiff is currently 68 years of age.

5.     Upon information and belief, Cooperativa de Farmacia Santa Teresita ("Defendant") is an entity organized under the laws of the Commonwealth of Puerto Rico with legal capacity to sue and be sued.  Defendant operates a pharmacy in the town of Coamo, Puerto Rico.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.     Plaintiff has been working for Defendant as her sole Secretary since November of 1972 performing general secretarial work such as process correspondence, drafting of letters, filing, maintenance of registries for bills and payments, and others.

7.     During Plaintiff's employment with the Defendant for over 40 years she had never received a reprimand or an admonishment - having had an excellent performance as the Defendant's sole Secretary.   Indeed, Plaintiff's performance with the Defendant was so outstanding that in December of 2005, during Defendant's annual shareholders' meeting, Plaintiff was honored for her then 33 years of service.

8.     Everything changed for Plaintiff in February of 2012 when Maritza Ortiz, a woman of about 40 years old, began as the new Administrator of the Defendant.  Upon her

2

arrival Ms. Ortiz began pressuring the Plaintiff asking her on numerous occasions "why don't you leave so you can rest?"

9.  On June 27, 2012, Defendant demoted the Plaintiff when Ms. Ortiz informed the Plaintiff that the Board of Directors for the Defendants had eliminated the position of Secretary and transferred the Plaintiff to work on the floor of the pharmacy without giving her any formal description of her new duties.

10. Defendant's conduct to demote the Plaintiff under the excuse that it had eliminated the position of Secretary was just a pretext to discriminate against the Plaintiff based on her age since just a few days latter, on July 2, 2012, Defendants hired Ivonne Santiago, as the Administrative Assistant - a newly created position with the responsibilities and duties of what was until then known as the Secretary.  Ms. Ivonne Santiago is approximately 35-40 years of age.

11. With the recruitment of Ivonne Santiago the Defendant was seeking a replacement performance for services rendered by the Plaintiff.

12. Ms. Ivonne Santiago was given a schedule of 40 hours of work per week, while Plaintiff was left with a working schedule of 28 hours.

13. In any event, after Plaintiff's demotion Defendant continued with the need for services rendered by the Plaintiff in her previous position as Secretary.

14. Contemporaneous to Plaintiff's demotion, she suffered the following comments and discriminatory incidents at the hands of Ms. Maritza Ortiz, the new Administrator for the Defendant.

    a.  On the same date of Plaintiff's demotion, Ms. Ortiz informed the Plaintiff that one of the reasons for the change was the she (Ms. Ortiz) also needed

someone to "*represent her*" before the Board of Directors when she was not available.  In that conversation Ms. Ortiz also stated to the Plaintiff that she (Ms. Ortiz) knew how the Plaintiff was feeling because she (Ms. Ortiz) had been pressured in her former job.

b.    Ms. Ortiz would ask Plaintiff where she had studied computer and suggested that she went to study computers.

c.    In 2 occasions, Ms. Ortiz questioned the Plaintiff why she would not quit her job and just go to rest.

d.    Ms. Oritz would wrongfully accused Plaintiff of not carrying out her duties to obtain the different renovations of the different licenses for the pharmacy.

e.    Ms. Ortiz provided the Plaintiff with the keys to the administrative offices and latter removed the same from the Plaintiff.

f.    Ms. Ortiz would pressure the Plaintiff constantly for the amount of checks that she would prepare to pay bills questioning her why she drafted so many checks.

g.    In one occasion, Ms. Ortiz made a big spectacle alleging that Plaintiff had lost an electricity bill that a customer had paid at the pharmacy only to latter find such receipt among her own (Ms. Ortiz) papers in her office.  Even after Ms. Ortiz had discovered the electricity bill in her desk, she continued to comment around the pharmacy, and blame the Plaintiff for the "misplacing" of the electricity bill.

h.    In one occasion, upset with Plaintiff, Ms. Ortiz threw some documents to the Plaintiff on her desk.

i.   In one occasion, in regards to a computation of vacation time that Plaintiff had prepared for another employee, Ms. Ortiz became so upset with the Plaintiff that she began to yell at Plaintiff indicating her that if she (Plaintiff) did not know how to compute the vacation time she should have given the task to another person. The following day Ms. Ortiz informed the affected employee that that the vacation time Plaintiff had calculated was correct.

j.   Besides the fact that Plaintiff has asked Mr. Ortiz on various occasions for her job description for her new position as a floor person in the pharmacy, Defendant has failed to provide the Plaintiff with such job description.

k.   On numerous occasions Ms. Ortiz commented throughout the pharmacy that Plaintiff had not paid on time the pharmacy bills and for that reason the pharmacy had lost its 30-day discounts.

l.   On July 30, 2012, Ms. Ortiz refused to provide the Plaintiff with a copy of her personnel file.

m.   To add insult to injury, shortly after being demoted by Defendant, Ms. Ortiz compelled the Plaintiff to train the new Administrative Assistant Ivonne Santiago, en relation to Plaintiff's former duties.

15.   At the time of Plaintiff's demotion and contemporaneous to the comments and discriminatory acts described above, Defendant had no personnel regulations or even a Human Resources Department.

16.   The Defendant knew and was well aware of the discriminatory age - related acts and comments against the Plaintiff and did not exercise reasonable care to prevent and promptly correct the hostile behavior towards her.

17.    Defendant is an employer for purposes of ADEA.

18.    Defendant's aforementioned conduct constitutes unlawful conduct prohibited under ADEA. Furthermore, at the time of Defendant's aforementioned conduct it knew and/or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.

19.    On July 11, 2012, Plaintiff filed a charge of discrimination before the Anti-Discrimination Unit of the Labor Department and Human Resources of the Commonwealth of Puerto Rico ("Anti-Discrimination Unit") against the Defendant.

20.    After exhausting administrative remedies, on or after January 19, 2013, Plaintiff received her right to sue letter from the Anti-Discrimination Unit.

21.    As a result of Defendant's aforementioned age discrimination conduct, Plaintiff has suffered and continues to suffer great emotional and financial damages.  Since his demotion Plaintiff has been depressed, anguished, and has suffered despair, sadness and hopelessness and has been unable to properly sleep.

## FIRST CAUSE OF ACTION:
### *Age Discrimination*

22.    The allegations contained in paragraphs 1 through 21 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

23.    Defendant's demotion of the Plaintiff was based on her age.

24.    Defendant's aforementioned conduct constitutes unlawful conduct to discriminate against the Plaintiff with respect to her compensation, terms, conditions, and/or privileges of employment because of her age, and thus, unlawful employment conduct pursuant to ADEA.

25.    As a direct and proximate cause of Defendants' aforementioned age discrimination

conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at over two hundred thousand dollars ($200,000.00).

26. As Defendant's aforementioned conduct constitutes willful violations of ADEA, Plaintiff is entitled to liquidate damages under said Act.

## SECOND CAUSE OF ACTION:
### *Puerto Rico Law 100 - Age Discrimination*

27. The allegations contained in paragraphs 1 through 26 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

28. Defendant's aforementioned age discrimination conduct constitutes an unlawful employment conduct pursuant to Puerto Rico Law 100.

29. As a direct and proximate cause of Defendants' aforementioned age discrimination conduct, Plaintiff has suffered and will continue to suffer emotional and financial damages estimated at over one million dollars ($1,000,000.00) under this cause of action.

## JURY TRIAL

30. Plaintiff hereby invokes their Seventh Amendment Right to a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment imposing on Defendant COOPERATIVA DE FARMACIA SANTA TERESITA the payment of a) compensation under ADEA in an amount no less than two hundred thousand dollars ($200,000.00); b) liquidated damages under ADEA in an amount no less than two hundred thousand dollars ($200,000.00); c) compensatory damages pursuant to Law 100 in an amount no less than

one million dollars ($1,000,000.00); and d) double compensatory damages pursuant to Law

100 in an amount no less than one million dollars ($1,000,000.00).

In Juana Díaz, Puerto Rico on 18$^{h}$ day of April, 2013.

**S/ ALFREDO ACEVEDO CRUZ**
**ALFREDO ACEVEDO CRUZ, ESQ.**
**USDC-PR NUMBER 220705**

**LAW OFFICE OF ALFREDO ACEVEDO CRUZ**
**P.O. BOX  93**
**JUANA DIAZ, PR  00795**
**TEL.: (787) 837-0031**
**FAX:  (787) 837-0032**
**E-MAIL: lcdoacevedo@yahoo.com**