IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| LUCY D. CRUZ-BARRIOS<br>Plaintiff | * * * | CIVIL NO. 13-1306 (SCC) |
| Vs. | * * | AGE DISCRIMINATION<br>ADEA, P.R. STATE LAW 100 |
| COOPERATIVA DE FARMACIA SANTA TERESITA<br>Defendant | * * * | JURY TRIAL<br>DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SETTLEMENT AGREEMENT AND FULL RELEASE**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiff and Defendant, through the undersigned attorneys and respectfully state and pray as follows:

1. This Settlement Agreement is entered into between **COOPERATIVA DE FARMACIA SANTA TERESITA** represented herein by their counsel Juan R. Rodríguez ("**Defendant**") and **LUCY D. CRUZ-BARRIOS** represented herein by their counsel Alfredo Acevedo Cruz ("**Plaintiff**").

2. **WHEREAS**, on April 18, 2013, the **Plaintiff** filed a *Complaint* against the **Defendant** in the case captioned *Lucy D. Cruz-Barrios vs. Cooperativa de Farmacia Santa Teresita, Civil No. 13-1306 (SCC)*, before the United States District Court for the District of Puerto Rico, (the "**Complaint**").

3. **WHEREAS**, **Defendant** expressly deny any liability for the alleged wrongful acts, damages, and injuries claimed by the **Plaintiff** in connection with the **Complaint**.

4. **WHEREAS**, **Plaintiff** expressly deny that the **Payment of the Settlement Amount** can be construed and/or interpreted as the wrongful acts, damages and injuries suffered as claimed by the **Plaintiff** in the **Complaint**.

5. **WHEREAS**, in order to avoid the costs and expenses of a prolonged and costly

litigation, the **Plaintiff** and the **Defendant** have agreed to enter into a settlement agreement and full release that will serve to discharge all claims between them in connection with the **Complaint**, pursuant to the terms and conditions set forth herein.

6. NOW THEREFORE, it is hereby mutually agreed by the **Plaintiff** and the **Defendant** as follows:

a. FULL RELEASE OF LIABILITY

In consideration of the payment of the *Settlement Agreement and Full Release*, the Plaintiff, her heirs, and her past, present and future agents, servants, representatives, employees, predecessors and successors in interest, subsidiaries, affiliates and related companies, assigns, shareholders, officers, insurers, and attorneys, hereby release and forever discharge the **Defendant**, their spouses, heirs, and all of their past, present and future agents, servants, representatives, employees, subsidiaries, affiliates and related companies, predecessors and successors in interest, assigns, shareholders, officers, insurers, and attorneys, of and from any and all the **Plaintiff's** past, present or future claims, demands, obligations, actions, causes of action, rights, damages, losses, costs, expenses, attorney's fees, and compensation of any nature whatsoever, whether for compensatory or punitive damages, whether based on a tort, contract, statute, or any other theory of recovery, whether known or unknown to the Plaintiffs, from the beginning of time to the date hereof, on account of, or which may, in any way, arise out of, or be in any manner related to the allegations made by the **Plaintiff** or which could have been made by the **Plaintiff** in the **Complaint**. Without limitation or qualification of the above, the present full release and discharge includes any claim or cause of action that the **Plaintiff** may have against the **Defendant** at law or in equity based upon tort, contract or any law or statute of the Commonwealth of Puerto Rico or the United States of America; Despido injustificado Ley Núm. 80 del 30 de mayo de 1976; Fair Labor Standards Act of 1938; Title VII of Civil Rights of

c:\motions\csantateresita.020

Federal Acts; Ley Anti-Discrimen de Puerto Rico Ley Núm. 100; Employee Retirement Income Security Act of 1975; Federal Rehabilitation Act of 1973; Americans with Disabilities Act (ADA); Age Discrimination in Employment Act (ADEA), and Older Workers Benefit Protection Act.

The **Plaintiff** expressly waive any and all defenses, rights and benefits they may have or which may be derived from the provisions of applicable law including, without limitation, any and all known or unknown claims and resulting damages and losses, and the consequences thereof, sustained by the **Plaintiff** which have resulted or may result from the facts alleged in the **Complaint.**

The **Plaintiff** acknowledge that this *Settlement Agreement and Full Release* is intended to and does fully release and discharge the **Defendant**, her heirs' spouses and all of her past, present and future agents, servants, representatives, employees, subsidiaries, affiliates and related companies, predecessors and successors in interest, assigns, shareholders, officers, insurers, and attorneys, from any claims of unknown or future damages in any manner related to the **Defendant**, and waive any provision from applicable law.

    b.    IN CONSIDERATION OF THE AFOREMENTIONED AGREEMENT, DEFENDANTS AGREE TO PAY THE FOLLOWING AMOUNT

The **Defendant** will pay the **Plaintiff FORTY TWO THOUSAND DOLLARS ($42,000.00)** for alleged damages, pain and suffering (the "**SETTLEMENT AMOUNT**"). The **SETTLEMENT AMOUNT** will be disbursed by the **COOPERATIVA DE FARMACIA SANTA TERESITA** in the following manner:

A Monthly payment of Two Thousand Dollars ($2,000.00) for twenty one (21) months, starting with the first payment on September 15, 2014 and the last on May 15, 2016 payable to *"LUCY CRUZ BARRIOS and ALFREDO ACEVEDO CRUZ."*

c:\motions\csantateresita.020

c. **IN CONSIDERATION OF THE AFOREMENTIONED AGREEMENT PLAINTIFF WILL CEASE TO WORK AT COOPERATIVA DE FARMACIA SANTA TERESITA.**

In consideration of this *Settlement Agreement and Full Release*, the **Plaintiff** will cease to work at and the **Defendant** *Cooperativa de Farmacia Santa Teresita* on August 31, 2014.

d. **PARTIES AGREED ON RETENTION OF THE UNITED STATES DISTRICT COURT JURISDICTION FOR ENFORCEMENT OF THIS AGREEMENT.**

**Plaintiff** and **Defendant** have agreed on the retention of this Honorable Court jurisdiction for enforcement on this *Settlement Agreement and Full Release*.

e. **FINAL COMPROMISE; NO ADMISSIONS**

The **Plaintiff** and their legal counsel agree and acknowledge that settlement payment and the releases and discharges contemplated in Sections a, b, and c of this *Settlement Agreement and Full Release*, respectively, are accepted as a full and complete compromise of all matters involving disputed issues and all damages claimed, or that could have been claimed, in the **Complaint** against the **Defendant** and all of her past, present, and future agents, servants, representatives, employees, subsidiaries, affiliates and related companies, predecessors and successors in interest, assigns, shareholders, officers, insurers, and attorneys; that no past or present wrongdoing on the part of the **Defendant** shall be implied by such payment or negotiations; and that the sole cause for this Agreement is the parties' desire to avoid the costs and expenses of a prolonged and costly litigation.

**Plaintiff** expressly deny that the **Payment of the Settlement Amount** can be construed and/or interpreted as the wrongful acts, damages and injuries suffered as claimed by the **Plaintiff** in the **Complaint**.

f. **ADVICE OF ATTORNEYS**

In entering into this Agreement, the **Plaintiff** and the **Defendant** represent that they have

c:\motions\csantateresita.020

relied upon the advice of attorneys, who are attorneys of each party's own choice, that they have explained the terms of this Agreement, and that the **Plaintiff** and the **Defendant** fully understand and voluntarily accept these terms.

Each party authorized and directed its counsel to file the settlement agreement of the **Complaint**. Each party reviewed and approved this *Settlement Agreement and Full Release*.

g. **COSTS**

Each of the parties to this Agreement shall bear its own costs and attorney's fees in connection with the prosecution or defense of the **Complaint** and with the preparation and execution of this Agreement.

h. **NO IMPEDIMENT**

Each of the parties to this Agreement warrants and represents that it is not subject to any statute, law, regulation or contractual or legal obligation or restriction which may make unlawful its execution of this Agreement.

i. **NO ASSIGNMENT**

The **Plaintiff** declare and assure that they have not previously conveyed, transferred or assigned or attempted to convey, transfer or assign any claim, complaint, action, cause of action, contract or agreement based on, arising from, or related to the released, freed and exonerated matters covered by this Agreement.

The **Defendant** declare and assure that they have not previously conveyed, transferred or assigned or attempted to convey, transfer or assign any defense, claim, complaint, action, cause of action, contract or agreement based on, arising from, or related to the released, freed and exonerated matters covered by this Agreement.

j. **BINDING ON SUCCESSORS**

This Agreement shall be binding upon and inure to the benefit of the parties' respective

predecessors, parents, subsidiaries, affiliates, successors and/or assigns.

k.  **NOT EVIDENCE**

Neither this Agreement nor the fact of its existence nor any of its terms, nor any negotiations or proceedings hereunder, shall be offered or received in evidence, or in any way referred to, in any action or proceeding, in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Agreement or any orders or judgments entered pursuant hereto unless required by law.

l.  **HOLD HARMLESS**

The **Plaintiff** agree to **hold harmless** the **Defendant** and all of their past, present and future agents, servants, representatives, employees, subsidiaries, affiliates and related companies, predecessors and successors in interest, assigns, shareholders, officers, insurers, and attorneys, from any actions, complaints, demands, or any other form of judicial or extrajudicial claims raised against any of them by any entity or person in any way connected/or related to the facts giving rise to the **Complaint**.

The above cited provisions regarding hold harmless, defense and indemnity are contingent upon the **Defendant** agreeing not to file any action against any entity or person anywhere for indemnity or contribution seeking to recoup or recover all or part of the expenses, damages or disbursements incurred in the investigation, defense and settlement of the **Plaintiff's** claim.

The **Defendant** agree to **hold harmless** the **Plaintiff** and all of their past, present and future agents, servants, representatives, employees, subsidiaries, affiliates and related companies, predecessors and successors in interest, assigns, shareholders, officers, insurers, and attorneys, from any actions, complaints, demands, or any other form of judicial or extrajudicial claims raised against any of them by any entity or person in any way connected/or related to the facts

c:\motions\csantateresita.020

giving rise to the **Complaint**.

**Defendant** grant among themselves, their past, present and future agents, servants, representatives, employees, subsidiaries, affiliates and related companies, predecessors and successors in interest, assigns, shareholders, officers, insurers, and attorneys, a full release for the payments made to **Plaintiff** under this Agreement and each one of them agrees not to file any action against any of them or any third parties for indemnity or contribution seeking to recoup or recover all or part of the expenses, damages or disbursements incurred in the investigation, defense and settlement of the **Plaintiff's** claim.

m.   **TAX WITHHOLDING**

The **Plaintiff** and the **Cooperativa de Farmacia Santa Teresita** represent that they will comply with legal requirements pertaining to any and all tax law/regulations that may apply to the **SETTLEMENT AMOUNT**.

n.   **COUNTERPARTS**

This *Settlement Agreement and Full Release* may be executed in one or more copies, each of which shall be an original as against the parties who signed it, but all of which shall constitute one and the same *Settlement Agreement and Full Release*.

o.   **NO JOINT AND SEVERAL LIABILITY**

The **Plaintiff** and **Defendant** herein agree that nothing in this Agreement has the effect of making **Defendant** jointly and severally liable to the **Plaintiff**. The Total payment obligation of the entities identified herein as **Defendant** is the amount specified in paragraph b of this Agreement, to be made by *Cooperativa de Farmacia Santa Teresita*. **Defendant** will not be responsible of making a payment to **Plaintiff** in excess of what is stated here.

p.   **INTEGRATION**

The terms and conditions contained in this *Settlement Agreement and Full Release*

c:\motions\csantateresita.020

constitute the entire settlement agreement between the parties, and is the true and final expression of the intent of the parties, relating to the subject matter here of, and expressly supersedes all previous communications, representations, agreements and understandings, either oral or written, between the parties with respect to the subject matter thereof. This *Settlement Agreement and Full Release* includes all the terms and conditions that have been negotiated by the parties and, consequently, this *Settlement Agreement and Full Release* is an integrated agreement containing the entire agreement between the parties. No agreement or understanding varying this *Settlement Agreement and Full Release* shall be binding upon either party unless in writing, wherein this *Settlement Agreement and Full Release* is specifically referred to, and is signed by duly authorized officers or representatives of the respective parties.

q.  **AUTHORIZATION**

Each party hereby warrants that it has received all of the necessary approvals to enter into this *Settlement Agreement and Full Release* and that the person executing this *Settlement Agreement and Full Release* has been duly authorized to do so on its behalf.

**WHEREFORE** it is respectfully requested from this Honorable Court to GRANT the aforesaid request.

**RESPECTFULLY SUBMITTED.**

In Ponce, Puerto Rico this 10th day of September of 2014.

**I HEREBY CERTIFY,** that on this same date a true and exact copy of this document has been filed electronically using CM/ECF system in US District Court and the Clerk will electronically send it to: Alfredo Acevedo Cruz, Law Offices of Alfredo Acevedo Cruz, PO Box 93, Juana Díaz, Puerto Rico 00795.

Maritza Ortiz-Berlingeri
Executive President
**Cooperativa Santa Teresita**

**RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
Juan R. Rodríguez
PO Box 7693
Ponce, Puerto Rico 00732-7693
Tel (787)843-2828 / 843-2900 Fax 284-1267

c:\motions\csantateresita.020

*(signature)*
**Raquel Rivera-Colón**
Chair, Board of Directors
**Cooperativa Santa Teresita**

E-mail: **juan_r_rodriguez00732@hotmail.com**
**juan.ramon.rodriguez@us.army.mil**

By: _____**S\JUAN R. RODRIGUEZ**_____
**JUAN R. RODRIGUEZ**
**USDC-PR  214410**

*(signature)*
**Lucy D. Cruz-Barrios**

**THE LAW OFFICE OF ALFREDO ACEVEDO CRUZ**
Alfredo Acevedo Cruz , Esq.
P.O. Box 93
Juana Díaz, Puerto Rico 00795
Tel. (787) 837-0031
Fax (787) 837-0032
E-mail: lcdoacevedo@yahoo.com

By: _____*(signature)*_____
**ALFREDO ACEVEDO CRUZ**
**USDC-PR NUMBER 22070**

c:\motions\csantateresita.020